UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**OUTSOURCING FACILITIES
ASSOCIATION, ET AL.,**

   Plaintiffs,

v.                                                                 No. 4:25-cv-0174-P

**UNITED STATES FOOD AND DRUG
ADMINISTRATION, ET AL.,**

   Defendants.

# ORDER

Before the Court are Plaintiffs' counsel, Andrew M. Grossman's and Marc N. Wagner's applications for admission *pro hac vice*. ECF Nos. 8, 9. Having considered the application, the Court finds that it should be, and hereby is, **DENIED.**

Local Rule 83.9(a) allows a licensed attorney who is not admitted to practice in the Northern District of Texas to represent a party in proceedings in this Court only by permission of the presiding judge. *See* N.D. Tex. L.R. 83.9(a). Subsection (b) allows a non-admitted attorney to apply for admission *pro hac vice*. N.D. Tex. L.R. 83.9(b).

Although federal courts commonly permit out-of-state lawyers to appear *pro hac vice*, such practice is guaranteed neither by statute nor by the Constitution. *See e.g., Leis v. Flynt*, 439 U.S. 438, 443 (per curiam) ("The Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another."), *reh'g denied*, 441 U.S. 956 (1979). *Pro hac vice* literally means "[f]or this occasion or particular purpose." *Pro hac vice*, Black's Law Dictionary (11th ed. 2019). "An admission *pro hac vice*, therefore, means that a lawyer has been admitted to practice in a jurisdiction for a particular case only." *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459 (M.D. Ala. 1997) (internal quotation marks omitted). Accordingly, "[a]dmission *pro hac vice* is temporary and limited in character and is

not intended to be requested by a practitioner on a frequent basis." *Mateo v. Empire Gas Co.*, 841 F. Supp. 2d 574, 579 (D.P.R. 2012) (citation and internal quotation marks omitted); *see also Frazier v. Heebe*, 482 U.S. 641, 647 (1987) (characterizing attorneys appearing *pro hac vice* as "one-time or occasional practitioners").

A CM/ECF query reveals that Mr. Grossman has submitted three applications and Mr. Wagner has submitted four applications for admission *pro hac vice* (including the current applications) in the Northern District of Texas, within the last 12 months. In the undersigned's view, this makes Mr. Grossman and Mr. Wagner frequent practitioners such that *pro hac vice* admission is no longer appropriate. *See Mateo*, 841 F. Supp. 2d at 581 (holding applicant's four appearances in previous year supported denial of *pro hac vice* application because applicant was not "occasional" practitioner). Accordingly, the applications for admission *pro hac vice* (ECF Nos. 8, 9) should be, and hereby are, **DENIED.** The Court encourages Mr. Grossman and Mr. Wagner to file applications to be admitted to practice in this Court and would happily welcome them as members of the bar.

**SO ORDERED** on this **3rd day of March 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE